### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **WALLACE E. MECHLER, et al.,**   ) | |
| ) | |
| **Plaintiffs,**   ) | |
| ) | |
| v.   ) | Case No. 12-1183-EFM-GLR |
| ) | |
| **UNITED STATES OF AMERICA,**   ) | |
| ) | |
| **Defendant.**   ) | |

### MEMORANDUM AND ORDER

The Court has before it a Motion for More Definite Statement (ECF No. 3) filed by Defendant United States of America. Defendant asserts that Plaintiffs' complaint (ECF No. 1) fails to plead a cause of action despite its numerous factual allegations. For the following reasons the Court denies the motion.

**I.      Procedural History**

Plaintiffs commenced this action by filing a civil complaint under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2771 et. seq.[1] They allege that Defendant, through the Department of the Air Force, formerly operated a military base across the road from their property.[2] According to Plaintiffs, part of the operations included two known landfills from which contaminants migrated to their property, contaminating their ground water.[3] They allege that Defendant "was aware of the potential of the contamination to move off-site and did nothing to prevent it."[4] They further allege that Defendant has attempted "to ignore and whitewash the groundwater pollution problem."[5] They assert they learned of the contamination of their ground water in 2010.[6] They claim the contamination and "remediation" attempts have ruined the property value of their property and "caused great annoyance, inconvenience

---

[1] *See* Compl. at 1.

[2] *See id.* ¶ 2.

[3] *See id.* ¶¶ 6-8.

[4] *Id.* ¶ 8.

[5] *Id.* ¶ 11.

[6] *Id.* ¶ 12.

and loss of peace of mind."[7]

In response to the complaint, Defendant filed the instant motion under Fed. R. Civ. P. 12(e).[8] Plaintiffs oppose the motion and contend that their alleged damages "(annoyance, inconvenience, and loss of peace of mind) telegraph that this is a nuisance case to anyone familiar with Kansas pollution law."[9]  Defendant has filed a reply brief.[10]  The motion is fully briefed and ready for ruling.

## II.     Legal Standard Applicable to Motion for More Definite Statement

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Motions under this rule are proper "only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question."[11]  Courts should not grant such a motion "merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission."[12]  Requiring a more definite statement is appropriate when addressing unintelligible or confusing pleadings.[13]  While "Rule 12(e) is designed to strike at unintelligible pleadings",[14] proper specificity is the key – even an intelligible or non-confusing complaint may warrant a more definite statement when more specificity is needed to draft an appropriate response.

---

[7]*Id.* ¶ 13.

[8]*See* Mot. at 1-8.

[9]*See* Resp. to Def.'s Mot. More Definite Statement (Resp.) (ECF No. 4) at 5.

[10]*See* United States' Reply Supp. Mot. More Definite Statement (Reply) (ECF No.5).

[11]Fed. R. Civ. P. 12(e) advisory committee's note (1946 amend.).

[12]*Shaffer v. Eden*, 209 F.R.D. 460, 464 (D. Kan. 2002).

[13]*See, e.g., Ewing v. Andy Frain Sec. Co.*, No. 11-CV-02446-JAR-DJW, 2012 WL 162379, at *1 (D. Kan. Jan. 19, 2012); *Creamer v. Ellis Cty. Sheriff Dep't*, No. 08-4126-JAR, 2009 WL 484491, at *1 (D. Kan. Feb. 26, 2009); *Black & Veatch Int'l Co. v. Wartsila NSD N. Am., Inc.*, No. 97-2556-GTV, 1998 WL 264738, at *1 (D. Kan. May 21, 1998).

[14]*Creamer*, 2009 WL 484491, at *1.

The courts consider motions under Rule 12(e) in conjunction with the "simplified pleading standard" of Fed. R. Civ. P. 8(a), which "applies to all civil actions, with limited exceptions."[15] In general, Rule 8(a)(1) requires "a short and plain statement of the grounds for the court's jurisdiction." Rule 8(a)(2), on the other hand, requires that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief", so as to provide opposing parties "fair notice of what the . . . claim is and the grounds upon which it rests."[16]

When a complaint provides sufficient notice under Rule 8(a), the defendant should elicit additional detail through the discovery process.[17] Whether to grant a motion for more definite statement is within the Court's sound discretion.[18] Courts, however, generally disfavor such motions given the minimal pleading requirements and liberal discovery provisions of the Federal Rules of Civil Procedure.[19]

**III.   Analysis**

Defendant moves for a more definite statement because Plaintiffs failed to specifically identify a cause of action or the elements of any tort in their complaint. Plaintiffs maintain that the complaint is sufficient for purposes of Fed. R. Civ. P. 12(e). Applying the above standards, the Court finds the motion should be denied. The complaint gives Defendant fair notice of what the claim is and the grounds for it. It provides a short and plain statement for the court's jurisdiction, including citing the federal statute upon which it is premised.[20] For purposes of a Rule 12(e) motion for a more definite statement, Rule 8(a)

---

[15] *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513-14 (2002) (listing Fed. R. Civ. P. 9(b) as an exception example). Rule 9(b) has no apparent applicability to the action now before the Court.

[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

[17] *See JP Morgan Trust Co. Nat'l Ass'n v. Mid-Am. Pipeline Co.*, 413 F. Supp. 2d 1244, 1270 (D. Kan. 2006); *PAS Commc'ns, Inc., v. U.S. Sprint, Inc.*, 112 F. Supp. 2d. 1106, 1109 (D. Kan. 2000).

[18] *See Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998); *Graham v. Prudential Home Mortgage Co.*, 186 F.R.D. 651, 653 (D. Kan. 1999).

[19] *Peterson v. Brownlee*, 314 F. Supp. 2d 1150, 1155-56 (D. Kan. 2004).

[20] A pleading need not state a statute upon which the pleader relies to be sufficient under Rule 8(a)(1). *See, e.g., LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.)*, 196 F.3d 1, 5-6 (1st

requires no more than what has been provided. From the information in the complaint, Defendant can reasonably prepare an answer or other response. That the complaint does not specifically identify any claim by label, heading, or otherwise, does not make it so vague or ambiguous so as to require a more definite statement. It is within Defendant's reasonable abilities to formulate a proper response from the facts alleged.

Defendant argues that Plaintiffs must identify the cause of action which they pursue.[21] But it provides no persuasive or binding precedent for that position. In *Clark v. Haas Group, Inc.*, 953 F.2d 1235 (10th Cir. 1992), the Tenth Circuit specifically states, moreover, that "[t]here is no provision in the federal rules of civil procedure requiring that a complaint state a 'cause of action.'"[22] Defendant calls *Clark* into question on grounds that it predates and is inconsistent with *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).[23] More generally, it argues that *Iqbal* and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) changed the legal landscape and made prior precedent obsolete.[24] Although these cases have altered the way the courts consider the legal sufficiency[25] of asserted claims and have rendered

---

Cir. 1999) ("Affirmative pleading of the precise statutory basis for federal subject matter jurisdiction is not required as long as a complaint alleges sufficient facts to establish jurisdiction."); *Friederichs v. Gorz*, 624 F. Supp. 2d 1058, 1062 (D. Minn. 2009) (holding that lack of citation to "a specific federal statute is not dispositive of the jurisdictional inquiry" under Rule 8(a)(1)). But as shown in Form 7 of the Appendix of Forms of the Federal Rules of Civil Procedure, a statement of jurisdiction based on a specifically identified federal statute may be adequate to plead federal question jurisdiction. *See* Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.").

[21]Mot. at 1, 3; Reply at 2-3.

[22]953 F.2d at 1239.

[23]Reply at 4.

[24]Mot. at 4 n.1; Reply at 3-4.

[25]As one commentator has noted: "It is important to differentiate pleading sufficiency under Rule 8(a) from legal sufficiency." Steven S. Gensler, Federal Rules of Civil Procedure: Rules and Commentary, 123 (2010) (Commentary to Rule 8). In this context, legal sufficiency includes the factual sufficiency of the pleading addressed in *Twombly* and *Iqbal*. Gensler explains the differences as follows:
> A challenge to pleading sufficiency asserts that the pleading, as written, fails to put the defendant on notice of the claim being asserted. In contrast, a challenge to the legal sufficiency generally assumes that the defendant is on notice of the claim being asserted,

inconsistent case law obsolete, they must be read in the context of the cases, i.e., addressing what is necessary to comply with Rule 8(a)(2)'s requirement that the pleader show entitlement to relief so as to avoid dismissal under Fed. R. Civ. P. 12(b)(6).[26] Neither *Twombly* nor *Iqbal* change the standards under Rule 12(e). Nor do they require that a pleading set out the plaintiff's cause of action. The proposition quoted from *Clark* is not inconsistent with *Twombly* or *Iqbal* and remains good law.[27] A failure to specifically plead a "cause of action" does not make a pleading insufficient. And it provides no basis to order a more definite statement. There is simply no requirement that a pleading articulate a specific "cause of action."[28] Rules 8(a)(1) and (2) merely require a statement of the "claim" pursued and the jurisdictional grounds. Those statements can take various forms so long as they provide fair notice of what the claim is, the grounds for it, and the basis for jurisdiction.

Relatedly, Defendant argues that the complaint must set out the elements of the tort alleged by Plaintiffs.[29] A failure to "plead all elements of the cause of action" with sufficient factual particularity to enable a responding party to reasonably frame an answer or other response may warrant a more

---

but asserts that the claim does not constitute a recognized cause of action. *Id.* A pleading may be sufficient from a pleading stand point to avoid an order for a more definite statement, yet still fail to state a claim that will survive a motion to dismiss, because the pleading is insufficient to show that the pleader is entitled to relief.

[26] To plead a legally sufficient claim in compliance with Rule 8(a)(2), parties must provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678. Although "detailed factual allegations" are unnecessary, parties must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not [suffice]" to satisfy "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief.'" *Twombly*, 550 U.S. at 555; *accord Iqbal*, 556 U.S. at 678. Alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

[27] Although *Clark* appears inconsistent with *Twombly* and *Iqbal* when it states that no federal rule of civil procedure requires a complaint to allege facts, *see* 953 F.2d at 1239, that portion of the decision has no bearing on the issues before this Court.

[28] *See* Steven S. Gensler, Federal Rules of Civil Procedure: Rules and Commentary, 122 (2010) (Commentary to Rule 8) ("Rule 8(a) requires a statement of the plaintiffs *claim*, not the articulation of any particular cause of action."). Defendant's attempt to equate "claim" with "cause of action", *see* Reply at 3, misses the mark.

[29] Mot. at 4.

5

definite statement.[30]  That does not mean, however, that the pleading party must specifically set out the elements in a list or with labels.  Nor does it mean that, in all cases, a pleading must allege facts sufficient to support each element to avoid an order for a more definite statement.[31]  To hold the United States "accountable under the FTCA, plaintiff must allege and prove facts which support cognizable claims under the laws of the state in which the conduct occurred."[32]  But the courts look to the substance of the alleged claim, including any reasonable construction of the claim based on the facts alleged, not merely attached labels.[33]  Plaintiffs have alleged facts to support a claim of nuisance under Kansas law.[34]  Their failure to itemize or label the elements of the tort they pursue does not warrant a more definite statement.  The complaint is not so vague or ambiguous that Defendant cannot formulate an answer or other response.[35]

---

[30]*See Advantage Homebuilding, LLC v. Assurance Co. of Am.*, No. 03-2426-KHV, 2004 WL 433914, at *1 (D. Kan. Mar. 5, 2004).

[31]Of course, a pleading must allege sufficient facts for each element to avoid dismissal under Fed. R. Civ. P. 12(b)(6).

[32]*Hobdy v. United States*, No. 90-4003-S, 1990 WL 203160, at *3 (D. Kan. Nov. 9, 1990) (citing *Richards v. United States,* 369 U.S. 1, 8-10 (1962)).

[33]*See id.*; *accord Commonwealth Prop. Advocates, LLC v. Mortgage Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011) (recognizing that Rule 12(b)(6) requires the courts to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed" and further recognizing that the "first task is to determine exactly what cause or causes of action Plaintiff is asserting", which may require the courts to construe the claim(s) asserted based on the facts alleged).

[34]Under Kansas law, "to maintain an action for nuisance, a landowner must establish an interference with the owner's use and enjoyment of the property which is separate and distinct from the claim that the property's value has diminished because of marketplace fear or stigma." *Smith v. Kan. Gas Serv. Co.*, 285 Kan. 33, 49, 169 P.3d 1052, 1062 (2007).  In addition to reduced property value, Plaintiffs claim that landfills from Defendant's property have contaminated their ground water, causing annoyance, inconvenience, and loss of peace of mind.  Compl. ¶¶ 6-8, 13.  The Court, of course, makes no determination of the legal sufficiency of this claim at this time.  Such determination goes beyond what is necessary to rule on a motion for motion definite statement.

[35]Although the first page of their response to the motion suggests that Plaintiffs may have a trespass claim, they later directly identify their claim as based on nuisance.  *See* Resp. at 1, 4.  Defendant argues that Plaintiffs cannot informally identify their cause of action, but instead need to amend their complaint to specifically identify the nuisance claim.  *See* Mot. at 6-7.  The current complaint, however, provides fair notice of the nuisance claim without a formal label placed on the allegations.

Defendant also argues that the Court cannot conduct its jurisdictional analysis of this FTCA case without knowing the precise tort pursued.[36] That this is an FTCA case, however, does not alter the requirements of Fed. R. Civ. P. 12(e). The Court recognizes that, as part of its jurisdictional analysis, it must consider "whether the government has even consented to a certain type of tort suit" under the FTCA.[37] This indeed requires consideration of the tort alleged by the plaintiff.[38] But, "[t]o determine the nature of an asserted claim, [the courts] focus not on the label the plaintiff uses, but on the conduct upon which he premises his claim as supported by the record."[39] To require Plaintiffs to place a label on Defendant's underlying conduct as alleged in the complaint would exalt form over substance. The Court declines to do that. Courts instead construe pleadings "so as to do justice."[40] And because there is "[n]o technical form" required for a pleading,[41] parties and the courts generally take a fairly relaxed view of a filed pleading. Likewise, Fed. R. Civ. P. 1 directs that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." This further encourages a focus on substance rather than form.

In short, Defendant wants Plaintiffs to label their claim and list the elements of the tort asserted under the FTCA. Although "legal conclusions can provide the framework of a complaint" when properly supported by factual allegations,[42] such conclusions are not required to avoid an order to provide a more definite statement. The same is true with respect to labels and formulaic lists of the elements. Undoubtedly, adding such labels, conclusions, and elements in reasonable amounts may be helpful in

---

[36]Reply at 5.

[37]*Franklin v. United States*, 992 F.2d 1492, 1495 (10th Cir. 1993).

[38]*Benavidez v. United States*, 177 F.3d 927, 929 (10th Cir. 1999).

[39]*Id.* at 931.

[40]Fed. R. Civ. P. 8(e).

[41]Fed. R. Civ. P. 8(d)(1).

[42]*Iqbal*, 556 U.S. at 679.

properly framing the issues and a responsive pleading. But helpfulness does not make them required under Rule 8(a). And their absence does not automatically mandate a more definite statement under Rule 12(e).[43] There is no requirement that a pleading list elements of claims asserted, make legal conclusions about claims asserted, or label the asserted claims. The pleading must simply comply with the minimal pleading requirements of Rule 8(a). The complaint filed in this action does so.

For the foregoing reasons the Court denies the Motion for More Definite Statement (ECF No.3) filed by Defendant United States of America. Consistent with Fed. R. Civ. P. 12(a)(4)(A), Defendant shall serve a responsive pleading or a motion under Rule 12(b) within fourteen days of notice of this denial.

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas on this 23rd day of October, 2012.**

S/Gerald L. Rushfelt
**Gerald L. Rushfelt**
**U.S. Magistrate Judge**

---

[43] This is similar to the proposition that a pleading need not state a statute or judicial decision upon which the pleader relies to be sufficient under Rule 8(a)(2). *See JP Morgan Trust Co. Nat'l Ass'n v. Mid-Am. Pipeline Co.*, 413 F. Supp. 2d 1244, 1270 (D. Kan. 2006) (addressing pleading sufficiency of stated claim); *Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 36543, at *5 (D. Kan. Jan. 9, 1995) (same). "Although the inclusion of statutory references often is desirable, a motion for a more definite statement generally cannot be used to require the plaintiff to set forth the statutes upon which the plaintiff intends to rely." *JP Morgan Trust Co. Nat'l Ass'n*, 413 F. Supp. 2d at 1270.